1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   IGNACIO SALIDO, JR.,                    No.  1:23-cv-01395-JLT-SAB (PC)

12                  Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DISMISSAL OF ACTION
13         v.
                                             (ECF No. 11)
14   BUREAU OF PRISONS,

15                  Defendant.

16

17         Plaintiff is proceeding pro se in this action filed pursuant to Bivens v. Six Unknown

18   Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

19         Plaintiff's complaint in this action was filed on September 25, 2023.  (ECF No. 1.)

20         On November 8, 2023, the Court screened the complaint, found that Plaintiff failed to state

21   a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.

22   (ECF No. 10.)

23         Plaintiff failed to file an amended complaint or otherwise respond to the November 8,

24   2023 order.  Therefore, on December 19, 2023, the Court issued an order for Plaintiff to show

25   cause why the action should not be dismissed.  (ECF No. 11.)  Plaintiff has failed to respond to

26   the order to show cause and the time to do so has now passed.  Accordingly, dismissal of the

27   action is warranted.

28   ///

1

# I.

## SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

1    On April 17, 2023, Plaintiff underwent bunionectomy on the right foot to remove bunion.

2  Two weeks into the surgery something went wrong and Plaintiff returned to medical to request

3  crutches.  By May 30 and 31, 2023, an x-ray and blood work had been ordered.

4    Although the test results were fine, Plaintiff's foot was swollen to the size of a baseball.

5  Plaintiff continued to pursue appointment with a specialist or emergency care.  During this time, a

6  request was sought by regional to approve specialist appointment, and the appointment was

7  approved, but nothing was scheduled in June or July.

8    Plaintiff continued to seek medical attention and contacted the acting director from the

9  health department.  Plaintiff would go to sick call early in the morning and would not be seen.

10  Plaintiff would be asked to come back the next day, but sometimes the Doctor would not be in the

11  office.  One day Plaintiff was taken by the acting medical director to the lieutenant's office and

12  told to report emergencies to officer in the unit.  It was clear that there was something wrong with

13  Plaintiff's foot.

14    On July 31, 2023, the swelling opened the wound.  The next day, Plaintiff went to the

15  medical unit and insisted on being sent to the hospital.  The Doctor was not in so Plaintiff was

16  told to return after lunch.  When Plaintiff later returned the office was closed.

17    Plaintiff went back to the dining hall where the Warden was posted.  Plaintiff showed the

18  Warden his foot and she asked how it had "gotten like that."  One of the lieutenants approached

19  the Warden who said that Plaintiff needed to be transported to a hospital.  The medical unit

20  requested that Plaintiff go the following day when the Doctor would be in the office.

21    When Plaintiff arrived at the hospital he was admitted with the suspicion of an infection

22  with can lead to amputation or loss of life.  Plaintiff was hospitalized from August 1 to August

23  17, 2023, and had two surgeries.  Plaintiff could not be transferred to a medical facility because of

24  his custody level.

25    Plaintiff's current medical issues of which professionals are aware: cyst in groin from

26  fungus, MRI for misaligned spine, prosthetics appointment for ongoing issue with feet from

27  surgeries, stress test for heart, internal hemorrhoid and gastritis follow-up appointments with

28  podiatrist.  The Bureau of Prisons (BOP) is responsible for medical care.

3

**III.**

**DISCUSSION**

Not all constitutional cases against federal officers for damages may proceed as Bivens claims. There is a two-part test to determine whether a Bivens action may proceed. Ziglar v. Abbasi, 582 U.S. 138-139 (2017).  To determine whether a Bivens claim is cognizable, a court first "ask[s] whether the case presents 'a new Bivens context'—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." Egbert v. Boule, 142 S. Ct. 1793, 1803 (2022) (quoting Ziglar v. Abbasi, 582 U.S. at 139).  That is, the Court must determine whether the claim presents a new context from the three cases the Supreme Court has allowed to proceed under Bivens: Bivens v. Six Unknown Federal Narcotic Agents, 403 U.S. 388 (1971); Davis v. Passman, 442 U.S. 228 (1979); and Carlson v. Green, 446 U.S. 14 (1980). If the answer is no, the claim may proceed. If the answer is yes, the court must apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding Bivens to the action. Abbasi, 582 U.S. at 136.

The Ninth Circuit has summarized those special factors as follows:

> the rank of the officer involved; whether Bivens is being used as a vehicle to alter an entity's policy; the burden on the government if such claims are recognized; whether litigation would reveal sensitive information; whether Congress has indicated that it does not wish to provide a remedy; whether there are alternate avenues of relief available; and whether there is adequate deterrence absent a damages remedy, among other factors. But the most important question for us to examine is whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed. If there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III.

Lanuza v. Love, 899 F.3d 1019, 1028 (9th Cir. 2018) (alterations, citations, and internal quotation marks omitted).

**A.     Deliberate Indifference to Serious Medical Need**

Plaintiff's claim regarding the failure to provide adequate medical care does not arise in a new Bivens context because it presents a similar Eighth Amendment claim as Carlson. See Soria v. Zungia, Case No. 1:18-cv-0635-NONE-JLT (PC), 2020 WL 8483841, at *4 (E.D. Cal. Dec. 2,

4

2020) (collecting cases supporting the proposition that an Eighth Amendment claim alleging denial of medical care does not present a new <u>Bivens</u> context), report and recommendation adopted, 2021 WL 490419 (E.D. Cal. Feb. 10, 2021).  Nonetheless, for the reasons explained below, Plaintiff fails to state a cognizable claim under the Eighth Amendment.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds by <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  <u>Jett</u>, 439 F.3d at 1096 (citation omitted).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain."  <u>Peralta v. Dillard</u>, 744 F.3d at 1081 (citation and internal quotation marks omitted).  "Indications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  <u>Colwell v. Bannister</u>, 763 F.3d 1060, 1066 (9th Cir. 2014).  Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." <u>Shapley v. Nev. Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that defendants should have known this to be the case." <u>Hallett v. Morgan</u>, 296 F.3d 732, 745-46 (9th Cir. 2002).

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006);

Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Here, Plaintiff only names the Bureau of Prison as the responsible entity for his medical treatment.  However, a Bivens claim is only available against officers in their individual capacities. Morgan v. United States, 323 F.3d 776, 780 n.3 (9th Cir. 2003).  The Supreme Court has declined to extend Bivens remedies to federal agencies, such as the BOP.  F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994); see also Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007) ("[A] Bivens suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity. Therefore, the Supreme Court has refused to extend Bivens remedies from individuals to agencies.") (citation omitted).  Thus, the basis of a Bivens action is some illegal or inappropriate conduct on the part of a federal official or agent. Baiser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, 909 (9th Cir. 2003). Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) ("To state a claim for relief under Bivens, a plaintiff must allege that a federal officer deprived him of his constitutional rights.") (citing Schearz v. United States, 234 F.3d 428, 432 (9th Cir. 2000).   Accordingly, Plaintiff cannot proceed with a Bivens claim against the BOP.

## IV.

## FAILURE  TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on November 8, 2023, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint

within thirty days.  (ECF No. 10.)  Plaintiff did not file an amended complaint or otherwise respond to the Court's November 8, 2023 order.  Therefore, on December 19, 2023, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 11.)  Plaintiff failed to respond to the December 19, 2023 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' "  Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the

Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to file an amended complaint within thirty days of November 8, 2023 and has not done so.  Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition.  This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading.  Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's November 8, 2023, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district ju6dge that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 10.)  In addition, the Court's December 19, 2023, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above." (ECF No. 11.)  Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

///

## V.

## RECOMMENDATIONS

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days.  Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the November 8, 2023 and December 19, 2023 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 26, 2024**

_____
UNITED STATES MAGISTRATE JUDGE